# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA

    Plaintiff,

    v.

GEORGE GARCIA,

    Defendant.

Case No. 2:19-CR-20007-JAR-3

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant George Garcia's Motion for Review of Order Revoking Pretrial Release and Order of Detention Pending Trial (Doc. 184). Defendant appeals from Magistrate Judge Teresa J. James' February 3, 2020 Order that revoked his pretrial release based on her finding that he violated conditions of his bond and is a flight risk.[1] Defendant submitted a memorandum in support of his motion, and the parties otherwise agree to rely on evidence and arguments submitted to Magistrate Judge James at the January 28, 2020 hearing.[2] The Government did not file a response. The Court is prepared to rule. Because the Court finds Defendant violated his conditions of bond and there are no less-restrictive conditions that can be imposed to reasonably assure his appearance in court, Defendant's motion is **denied**.

## I. Background

Defendant is charged in Count I of the Indictment with conspiracy to distribute and possession with intent to distribute more than 100 kilograms of marijuana, and in Counts 8, 10, and 14 for money laundering and conspiracy to commit money laundering. Defendant was

---

[1] Doc. 182

[2] Doc. 181.

arrested on February 20, 2019, in Los Angeles, California, and on February 21, 2019, he was released by a judge in the Central District of California on a $10,000 appearance bond with conditions. Defendant's conditions of release included that he "not use or possess illegal drugs or state-authorized marijuana" and "not use for purposes of intoxication any controlled substance analogue as defined by federal law or street, synthetic, or designer psychoactive substance capable of impairing mental or physical functioning more than minimally, except as prescribed by a medical doctor."[3] Further, the court ordered Defendant to report to the District of Kansas on April 1, 2019, and he complied.

On April 12, 2019, Defendant emailed his probation officer in the Eastern District of California to tell him he was pulled over on March 30, 2019 for having "no insurance" and that marijuana was discovered upon search of his vehicle during the stop.[4] The probation officer notified the District of Kansas probation office about the citation; the officer provided a copy of a Utah Highway Patrol citation dated March 30, 2019 for Possession of a Controlled Substance/Marijuana/Spice and Use or Possession of Drug Paraphernalia.[5]

At a May 1, 2019 hearing on the Petition for Actions of Pretrial Release,[6] Magistrate Judge James adopted the conditions of the Central District of California release order and added an additional condition that Defendant must notify probation if he encounters police. Magistrate Judge James ordered Defendant to remain on pretrial release given his enrollment in a drug treatment program, subject to his fulfilment of the above conditions.

---

[3] Doc. 41-4 at 3.
[4] *See* Doc. 110.
[5] *Id.*
[6] Doc. 110.

Upon evidence of further violations of conditions of his pretrial release, Magistrate Judge James revoked Defendant's pretrial release and ordered he be detained pending trial at a January 28, 2020 hearing. Defendant asks this Court to review Magistrate Judge James' decision.

## II. Standard of Review

The District Court reviews a magistrate judge's order of detention or release *de novo*.[7] The Court may either "start from scratch and take relevant evidence or incorporate the record of the proceedings conducted by the magistrate judge including the exhibits admitted."[8] The Federal Rules of Evidence do not apply to detention hearings.[9] Here, the parties rely on the evidence and arguments presented to Magistrate Judge James at the January 28, 2020 hearing. The Court therefore incorporates the record of the proceedings before Magistrate Judge James at the January 28, 2020 hearing.

## III. Record of January 28, 2020 Hearing

At the January 28, 2020 hearing, Defendant offered no witnesses, and one exhibit: a document titled "Physician's Statement."[10] The Government offered one witness, Defendant's probation officer in the District of Kansas, Diana Kerns, and one exhibit: an email from Pat Pizzo, Director of Toxicology of Alere, a subsidiary of Abbott Labs, responding to a request for interpretation of Defendant's drug tests.[11]

## IV. Discussion

---

[7] *United States v. Cisneros*, 328 F.3d 610, 616 n.1 (10th Cir. 2003).

[8] *United States v. Collier,* No. 12-20021-09, 2012 WL 4463435, at *1 (D. Kan. Sept. 27, 2012) (citing *United States v. Torres*, 929 F.2d 291, 292 (7th Cir. 1991)).

[9] *See* 18 U.S.C. § 3142(f); Fed. R. Evid. 1101(d)(3).

[10] Doc. 184-1.

[11] Gov't Ex. 1.

Defendant argues revocation of his pretrial release based on violation of his bond conditions is improper because (1) Defendant did not violate his bond conditions, (2) Defendant is not a flight risk, and alternative bond conditions could be imposed that would reasonably assure his appearance in court and community safety, and (3) Defendant's detention based on his use of state-sanctioned marijuana violates the Consolidated Appropriations Act of 2020 ("appropriations rider"). The Court discusses each in turn.

### A. Bond Conditions Violation

The Central District of California conditions of release, adopted and supplemented by Magistrate Judge James on May 1, provide in pertinent part that the Defendant must: "Maintain or actively seek employment and provide proof to Supervising Agency," "[N]ot use or possess illegal drugs or state-authorized marijuana," and "[N]ot use for purposes of intoxication any controlled substance analogue as defined by federal law or street, synthetic, or designer psychoactive substance capable of impairing mental or physical functioning more than minimally, *except as prescribed by a medical doctor*."[12]

Testimony of probation officer Kerns and a toxicology interpretation report offered by the government show that Defendant repeatedly used marijuana while released on bond.[13] Defendant nonetheless argues he did not violate his bond conditions because he used marijuana prescribed by a physician. He relies on a single-page document titled "Physician's Statement."[14] The document shows Defendant's name hand-written in a blank space intended for a patient's name. The machine-printed portion of the document reads "In my professional opinion, the

---

[12] Doc. 41-1 (emphasis added).

[13] Gov't Ex. 1 ("It is my opinion that this offender reused marijuana prior to each of the collections listed: 12/12/19 and 12/19/19").

[14] Doc. 184-1.

4

above named patient may benefit from the use of medical cannabis."[15]  It also reads: "This is not a formal prescription, but a statement of my professional opinion"; "This recommendation is no way to be interpreted as a prescription as defined under Federal Law.  It is merely a recommendation that adopts the legal provisions of California Health and Safety Code section 11362.5 and is only meant to be used and applied under California Law.  If the above patient is prohibited by court order or on probation to use cannabis, then this recommendation is hereby void and/or invalid."[16]

Defendant acknowledges the "Physician Statement" states "this is not a formal prescription."[17]  However, he argues the bond condition provisions regarding marijuana use must be read together to give them proper meaning.  And, under his interpretation of the conditions, Defendant did not violate when he used marijuana.  Specifically, Defendant argues the first provision, "[d]o not use or possess illegal drugs or state-authorized marijuana," must be read as "state-authorized *recreational* marijuana."  If it were not read this way, Defendant argues, the second condition, "[d]o not use for purposes of intoxication any controlled substance . . . except as prescribed by a medical doctor," would subsume the first condition not to use or possess state-authorized marijuana.  In other words, if the first provision read "do not use or possess illegal drugs or state-authorized *recreational or medical* marijuana," there would be no reason for the second provision that provides an exception for use of physician-prescribed marijuana.  If the first provision indeed meant *recreational and medical* marijuana, the second provision would be meaningless because the first provision would eliminate medical use, even with a physician prescription.

---

[15] *Id.*

[16] *Id.*

[17] *Id.*

The Court finds this argument is unpersuasive. Defendant's argument about the relationship of the two bond condition provisions hinges upon the Court's finding that the "Physician's Statement" is a prescription. According to the plain language of the document, it is not a prescription. The language explicitly disclaims its status as a prescription multiple times: "This is not a formal prescription," "This recommendation is no way to be interpreted as a prescription as defined under Federal Law," and "It is merely a recommendation."[18] Because the Court finds Defendant did not possess a prescription, his marijuana use—whether for recreational or medical purposes—violates conditions of his pretrial release. Even under Defendant's reading of the two provisions regarding marijuana use, Defendant violated his conditions of relase.

### B. Risk of Flight and Alternative Conditions

A judge may release a defendant pending trial on bond "subject to the condition that the person not commit a Federal, State, or local crime" and "cooperate in the collection of a DNA sample."[19] However, if such release "will not reasonably assure the appearance of the person as required or will endanger the safety of any other person in the community," the judicial officer shall order pretrial release of that person "subject to the least restrictive further condition, or combination of conditions, that . . . will reasonably assure the appearance of the person as required and the safety of any other persons and the community."[20] This may include conditions such as maintaining or actively seeking employment or an educational program, a curfew, travel

---

[18] *Id.*

[19] 18. U.S.C. § 3142(b).

[20] 18. U.S.C. § 3142(c).

or residence restrictions, reporting regularly to a law enforcement officer or another agency, refraining from using alcohol or drugs, and other possible conditions of release.[21]

"If, after a hearing . . . the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community, such judicial officer shall order the detention of the person before trial."[22] In determining whether any conditions of release would "reasonably assure the appearance of the person as required and the safety of any other person and the community," the Court considers "the nature and circumstance of the offense," "the weight of the evidence against the person," "the history and characteristics of the person," and "nature and seriousness of the danger to any person or the community that would be posed by the person's release."[23] "The government has the burden of proof at detention hearings . . . [to] prove flight risk by a preponderance of the evidence and dangerousness by clear and convincing evidence."[24]

### 1. Risk of Flight

Defendant argues his appearance is reasonably assured, and he is not a flight risk in need of pretrial detention because he has appeared at each of his four court-ordered appearances and meetings with his probation officers. He argues he even appeared at the May 1, 2019 and January 28, 2020 bond revocation hearings where he faced the possibility of detention. Further, he argues the violation of only one condition of release is not a basis to detain him in a complex case with a trial date seven months away.

---

[21] 18. U.S.C. § 3142(c)(1)(B)(i–xiv).

[22] 18 U.S.C. § 3142(e).

[23] 18 U.S.C. § 3142(g)(1–4).

[24] *United States v. Dermen*, 779, Fed. App'x 497, 500–01 (10th Cir. 2019).

The government has not shown by a clear and convincing evidence that Defendant poses a danger to the community. However, the Court finds that a preponderance of the evidence shows Defendant has displayed a pattern of disobedience to court orders, and that he does pose a risk of flight. The weight of the evidence falls in favor of the government: although Defendant attended his four court-ordered appearances, he violated his bond condition to refrain from using marijuana six times on record. Further, Defendant has displayed dishonest characteristics: he denied marijuana use during time periods when he tested positive for marijuana and did not report these uses to his probation officer. Finally, the Court finds it significant that the nature and circumstances of Defendant's bond violation (non-medical marijuana use) relates to the type of crimes with which Defendant is charged (conspiracy to distribute and possession with intent to distribute more than 100 kilograms of marijuana). In sum, Defendant's pattern of disobedience to court orders and dishonesty has eliminated any reasonable assurance of his appearance in court.

### 2. Alternative Bond Conditions

Instead of detaining him, Defendant argues the Court should alter his bond conditions. First, Defendant asks the Court to remove the condition Defendant continues to violate: the prohibition on marijuana use. He argues using marijuana does not endanger the community, unlike a condition prohibiting alcohol use which could prevent a drunk driver from injuring himself or others.

The Court finds this argument unpersuasive. To remove a condition of bond because a defendant chooses not to follow it rewards violation of a court order, and encourages the very behavior the court seeks to prevent during pretrial release. Moreover, the Court cannot overlook the fact that Defendant is charged with marijuana-related offenses. Although Defendant argues

marijuana use does not endanger the community, such use does increase the risk that he commit other offenses similar to those of which he is accused.

Next, Defendant argues that the Court could impose additional conditions as an alternative to detaining him, such as a curfew, house arrest, or inpatient drug treatment. The Court finds neither a curfew nor house arrest would prevent Defendant from continuing to violate the condition of bond that he not use marijuana. Further, the Court finds that inpatient drug treatment is not appropriate here. Defendant's failure to abide by his bond conditions while in outpatient drug treatment suggests inpatient treatment will not be successful, either. *In United States v. Acosta*,[25] the Tenth Circuit found the district court did not commit a clear error by disregarding defendant's request for inpatient drug treatment following defendant's violation of conditions of supervised release. There, the defendant was incarcerated for 18 months for violation of supervised release and denied inpatient treatment, even when he had received no prior drug counseling.[26] Here, Defendant has received outpatient drug counseling, but continues to violate his bond conditions. The Court is not obligated to give him additional chances to fulfill his bond conditions when he continues to violate them after warnings to stop using marijuana from his probation officers and the Court.

C. **Appropriations Rider Violation**

The rider states "[n]one of the funds made available under this Act to the Department of Justice may be used with respect to [47 States including California, and other U.S. territories] to prevent any of them from implementing their own laws that authorize the use, distribution, possession, or cultivation of medical marijuana."[27] Defendant argues revocation of his pretrial

---

[25] 364 Fed. App'x 425, 428 (10th Cir. 2010).

[26] *Id.*

[27] Consolidated Appropriations Act, 2020, Pub. L. No. 116-93, 133 Stat. 2317 (2019).

9

release based on his medical marijuana use violates the rider because the Department of Justice, through the United States Marshal Service, would expend funds to detain him based on marijuana use when California Law permits medical marijuana use. In effect, Defendant argues, detaining him prevents California from implementing this law.

The Tenth Circuit has acknowledged without deciding the open question of whether the rider prevents the Bureau of Prisons from spending funds to incarcerate a defendant for medical marijuana use in *Sandusky v. Goetz*.[28] The Court explained that the Ninth Circuit was the only circuit to publish opinions on this issue, including *United States v. Nixon*,[29] which held that the rider "does not impact the ability of a federal district court to restrict a defendant's use of medical marijuana as a condition of probation."[30]

Regardless, the Court need not reach this issue today. The rider prevents the Department of Justice from expending funds to prevent states from implementing laws regarding medical marijuana. Because the Court finds that Defendant's use was not medical, Defendant's detention does not conflict with the rider.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant's Motion for Review of Order Revoking Pretrial Release and Order of Detention Pending Trial (Doc. 184) is **denied.** Defendant George Garcia is to remain detained pending trial.

**IT IS SO ORDERED.**

Dated: March 2, 2020

                                                             S/ Julie A. Robinson
                                                             JULIE A. ROBINSON
                                                             UNITED STATES DISTRICT JUDGE

---

[28] 944 F.3d 1240. 1244 (10th Cir. 2019) (finding a *habeas* petition, rather than a challenge based on the rider, was the appropriate means for seeking relief).

[29] 839 F.3d 885 (9th Cir. 2016).

[30] *Sandusky,* 944 F.3d at 1244.